```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

Paul Collette,                        :
        Plaintiff,                    :
                                      :
    v.                                :    File No. 1:09-CV-04
                                      :
State of Vermont,                     :
        Defendant.                    :

<u>OPINION AND ORDER</u>
(Papers 8, 9 and 12)

Plaintiff Paul Collette, proceeding *pro se*, brings this action claiming that a decision by the Vermont Supreme Court violated his federal constitutional rights. The State has moved to dismiss (Paper 12) on the basis of, among other things, sovereign immunity. Also pending before the Court are Collette's motions for summary judgment (Paper 8) and default judgment (Paper 9).

For the reasons set forth below, this Court has no jurisdiction to hear Collette's case. Accordingly, the motion to dismiss is GRANTED, Collette's motions are DENIED, and the case is DISMISSED.

<u>Factual Background</u>

In 1992, Collette was convicted of driving under the influence ("DUI"). In October 2005, he was again convicted of DUI and sentenced as a second-time offender. In November 2005, he filed a state-court petition for post-conviction review ("PCR"), arguing that because his 1992 conviction was flawed, his sentence on the second DUI was improperly enhanced. When he

filed his PCR petition, Collette was on probation and serving a suspended sentence of eighteen months to five years for the second DUI.  In re Collette, 185 Vt. 210, 213 (2008).

In April 2006, Collette filed an amended PCR petition alleging that there were Sixth Amendment and Rule 11 violations in the 1992 case.  Approximately one month later, he was discharged from probation and his suspended sentence.  The discharge prompted the State to move to dismiss the PCR petition as moot.  The court granted the State's motion, "reasoning that since the sentence was over, any further court action to 'undo the past and reduce sentences that petitioner has already served' would be futile, regardless of jurisdiction."  Id.  Collette appealed, and the Vermont Supreme Court affirmed in a 3-2 decision.  Id. at 220.

Collette commenced the instant action in January 2009, styling his complaint as a request "for post-conviction relief" and as an action for "violations of his United States Civil Rights."  (Paper 4 at 1).  The Court subsequently issued an order asking him for "clarification as to the legal basis for his filing."  (Paper 3 at 2).  Specifically, the Court asked Collette to clarify whether he was bringing a habeas corpus petition pursuant to 28 U.S.C. § 2254, or a civil rights action under 42 U.S.C. § 1983.

Collette responded with an amended complaint stating that he was "mov[ing] the court pursuant to the 1964 Civil Rights Act, Section 42 U.S.C. [§] 1983 . . . ." The amended complaint sets forth two issues: "1. Is the Vermont Supreme Court [m]ajority ruling contrary to fairness and/or is the dissenting opinion the rule of law[,]" and "2. Does the ruling quash petitioner's 6th Amendment Rights and place him in a position of no redress for the wrong done by the Vermont Judicial System."

As noted above, defendant State of Vermont has moved to dismiss.

## Discussion

Because Collette is proceeding *pro se*, his petition is "read liberally and should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Collette has made clear to the Court that he is bringing a § 1983 action. The issues he sets forth, however, call for direct review of the Vermont Supreme Court's decision. This Court has no jurisdiction to conduct such a review.

In Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), the Supreme Court concluded that federal

district courts lack subject matter jurisdiction to review final state court judgments. Under the so-called Rooker-Feldman doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).

There are four "requirements" that must be met before the Rooker-Feldman doctrine applies: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invite district court review and rejection of [that] judgment[ ].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'" Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)).

This case meets all four criteria. Collette lost his appeal in state court. The injuries he complains of are the result of the state court's judgment. He invites this Court to review and reject that judgment, and he commenced this action after the Vermont Supreme Court issued its ruling. Accordingly, under Rooker-Feldman, this Court has no jurisdiction to hear his § 1983 claim. See Feldman, 460 U.S. at 482.

4

Furthermore, as the defendant properly argues in its motion to dismiss, the State of Vermont cannot be sued in federal court under § 1983. The Eleventh Amendment prohibits suits brought in federal court against unconsenting states. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). A state may waive its Eleventh Amendment immunity so long as the waiver is unequivocally expressed. Atascadero State Hosp. v. Scanlon, 473 U.S. 234 (1985). Additionally, Congress may abrogate the Eleventh Amendment pursuant to Section 5 of the Fourteenth Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

Relevant to this case, Congress has not abrogated Vermont's sovereign immunity from a § 1983 suit in federal court, and the State of Vermont has expressly preserved its sovereign immunity under the Eleventh Amendment. See, e.g., 12 V.S.A. § 5601(g). Because the Eleventh Amendment protects the State of Vermont from suit, Collette's claims against the State must be DISMISSED. Alabama v. Pugh, 438 U.S. 781, 782 (1978).

As a final note, and notwithstanding Collette's clarification of his claim, the Court finds that the complaint would not be reviewable even if construed as a § 2254 petition. Pursuant to § 2254(a), a district court may entertain a prisoner's petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Courts have construed the term "in custody" liberally, extending it to individuals who at the time of filing the petition were on parole, see Jones v. Cunningham, 371 U.S. 236, 243 (1963), supervised release, see Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994), and bail, see Hensley v. Municipal Court, 411 U.S. 345, 349 (1973).

However, once a sentence has been completely served, an individual is no longer "in custody" under that conviction, even when the possibility exists that the conviction may be used to enhance a future sentence. The Supreme Court addressed this issue in Maleng v. Cook:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

490 U.S. 488, 492 (1989); see also Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001) ("If [a prior] conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.").

6

Collette was not in any form of state custody when he filed his complaint/petition. He was discharged from probation and his underlying sentence in May 2006, and filed this action in January 2009. Accordingly, the Court would have no jurisdiction to review a § 2254 petition.

Given that the Court lacks subject matter jurisdiction over the complaint, regardless of how it is construed, it may not grant either Collette's motion for summary judgment or his motion for default judgment. See Gonzalez v. Crosby, 545 U.S. 524, 534 (2005); United States v. Forma, 42 F.3d 759, 762 (2d Cir. 1994). The State's motion to dismiss is GRANTED, and the case is DISMISSED without prejudice.

## Conclusion

For the reasons set forth above, Collette's motions for summary judgment (Paper 8) and default judgment (Paper 9) are DENIED, the State's motion to dismiss (Paper 12) is GRANTED, and this case is DISMISSED without prejudice.

Dated at Brattleboro, in the District of Vermont, this 13th day of January, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge